Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ORIENTAL BANK<br><br>Apelado<br><br>v.<br><br>VÍCTOR DAVID RODRÍGUEZ RIVERA<br><br>Apelante | KLAN202401112 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV00498<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece Víctor David Rodríguez Rivera (en adelante, apelante), por derecho propio, mediante un recurso de Apelación, para solicitarnos la revisión de la *Sentencia* emitida el 14 de noviembre de 2024, y notificada el 15 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI y/o foro primario).[1] Mediante la *Sentencia* apelada, el foro primario declaró *Ha Lugar* una solicitud de Sentencia Sumaria presentada por Oriental Bank (en adelante, parte apelada).

Por los fundamentos que expondremos, se *desestima* el recurso instado.

I

El presente caso inició, el 8 de febrero de 2022, cuando el apelado instó una *Demanda* en cobro de dinero y ejecución de hipoteca contra el apelante.[2] Pasado algún tiempo, el 2 de junio de

---

[1] Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada 111.
[2] Apéndice II del recurso.

2022, el apelante, por derecho propio, presentó su *Alegación Responsiva.*[3] Acaecidas varias incidencias procesales innecesarias de pormenorizar, relacionadas a que el apelante insistía en representarse por derecho el propio, el foro primario le ordenó a comparecer con abogado al pleito. Luego, se celebró una vista sobre el estado de los procedimientos.[4] En la misma, el foro primario calendarizó los procesos pendientes, incluyendo los asuntos relacionados al descubrimiento de prueba, la presentación de mociones dispositivas y la presentación de sus correspondientes réplicas, así como la conferencia con antelación a juicio.

Así las cosas, el 1 de mayo de 2024, Oriental presentó una *Moción de sentencia sumaria.*[5] En respuesta, mediante *Orden,* notificada el 3 de mayo de 2024, el foro *a quo* concedió término a la parte apelante para expresarse, so pena de que la solicitud quedara sometida sin oposición.[6] Tiempo después, el apelante presentó una solicitud para que se le concediera un término adicional, para presentar la oposición a la solicitud sentencia sumaria,[7] lo cual le fue concedido. Así las cosas, y dado a que el apelante no presentó su escrito, el foro *a quo* dio por sometida la solicitud de sentencia sumaria sin oposición.

Insatisfecho con lo resuelto, el apelante presentó una oportuna solicitud de reconsideración, la cual fue declarada *Ha Lugar.* Mediante el dictamen en reconsideración, el foro de instancia reconsideró y dispuso, en síntesis, dejar en suspenso la solicitud de sentencia sumaria presentada hasta tanto culminara el proceso ante el Centro de Mediación de Conflictos. Puntualizamos que, recibida la antedicha determinación, Oriental presentó una solicitud

---

[3] Apéndice III del recurso.
[4] Véase SUMAC, a la Entrada 80.
[5] *Íd.,* a la Entrada 83.
[6] *Íd.,* a la Entrada 84.
[7] *Íd.,* a la Entrada 87.

de reconsideración,[8] la cual fue denegada.[9] En línea de lo anterior, el foro primario refirió el caso al Centro de Mediación de Conflictos.

Estando pendiente el asunto ante el Centro de Mediación de Conflictos, el 10 de septiembre de 2024, el apelante, por conducto de su abogada, presentó una *Moción solicitando relevo de representación legal*, en la cual alegó diferencias irreconciliables. Dicha solicitud fue denegada, por lo que inconforme, el apelante, por conducto de quien fue para ese entonces su abogada, solicitó la reconsideración, la cual fue declarada *Ha Lugar*.[10] Empero, el foro primario ordenó a la licenciada Díaz Guerrero a comparecer a la vista pautada, a los fines de identificar al apelante en una vista ordenada por el foro de instancia, para atender una controversia surgida en el Centro de Mediación de Conflictos sobre su identidad. De los autos se desprende que el apelante no contrató representación legal, por lo que continuó autorepresentándose a partir de este relevo.

Atendida y resuelta la controversia ante el TPI en cuanto a la identidad del apelante, el Centro de Mediación de Conflictos continuó sus procedimientos y, posteriormente, presentó un escrito mediante el cual expresó que las partes no conciliaron acuerdos.[11] A tenor, el tribunal de instancia le requirió a Oriental a informar el curso a seguir para lo cual, en cumplimiento, informaron que se procediera a adjudicar la solicitud de sentencia sumaria interpuesta.[12]

En respuesta, mediante *Orden,* notificada el 15 de noviembre de 2024, el foro apelado dispuso que la solicitud de sentencia sumaria incoada por Oriental quedaba sometida.[13] Por otro lado, el

---

[8] Véase SUMAC, a la Entrada 92.
[9] *Íd.,* a la Entrada 94.
[10] *Íd.,* a la Entrada 102.
[11] *Íd.,* a la Entrada 107.
[12] *Íd.,* a la Entrada 109.
[13] *Íd.,* a la Entrada 110.

14 de noviembre de 2024, el tribunal apelado emitió la *Sentencia* objeto de revisión, notificándose el 15 de noviembre de 2024.[14] Mediante la *Sentencia* apelada, el tribunal de primera instancia declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por Oriental.

Insatisfecho con lo resuelto, el 21 de noviembre de 2024, el apelante, por derecho propio presentó una *Moción solicitando reconsideración de sentencia y contestación a moción de sentencia sumaria,*[15] la cual fue denegada mediante *Orden* notificada el 25 de noviembre de 2024.[16]

Insatisfecho aún, el 12 de diciembre de 2024, el apelante presentó el recurso de apelación del título.

Junto al recurso, el apelante presentó dos escritos adicionales. El *primero* fue una *Moción de solicitud de elevación de los autos originales*, mientras que el *segundo* fue una *Moción para introducir nueva evidencia*. Posteriormente, el 16 y 17 de diciembre de 2024, el apelante presentó dos (2) escritos intitulados *Moción Informativa*. En estos dos escritos, informó haber notificado el recurso a la parte apelada por correo electrónico y por correo certificado. Además, expresó haber notificado el recurso al TPI.

Mediante *Resolución,* emitida el 17 de diciembre de 2024, concedimos al apelante hasta el 24 de diciembre de 2024, para acreditar el cumplimiento con la Regla 13(B) y la Regla 14(B) del Reglamento del Tribunal de Apelaciones.[17] Por otro lado, a raíz de la solicitud del apelante, en cuanto a ciertos documentos en el expediente judicial, que adujo ser voluminoso, dispusimos tomar conocimiento en el expediente judicial en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) y no elevar los autos,

---

[14] Véase SUMAC, a la Entrada 111.
[15] *Íd.,* a la Entrada 112.
[16] *Íd.,* a la Entrada 113.
[17] 4 LPRA Ap. XXII-B, R. 13(B) y 14(B).

puesto a que era lo procedente.[18] Además, expresamos que tomamos conocimiento de que en la Secretaría de este Tribunal obraba un apéndice relacionado al recurso del título. Por otro lado, con relación a la solicitud para introducir nueva evidencia,[19] declaramos la misma *No Ha Lugar*. Además, concedimos al apelado hasta el 13 de enero de 2025, para presentar su alegato en oposición.

Así las cosas, el 8 de enero de 2025, el apelado instó una *Moción de desestimación de apelación por incumplimiento con el Reglamento del Tribunal*. Adujo que, a pesar de que en el recurso de apelación se hacía referencia a veintinueve (29) documentos del apéndice del apelante, nunca les notificaron el mismo. A tenor, y tras razonar que este incumplió con el precitado Reglamento, el recurso debía ser desestimado.

A tenor, mediante *Resolución*, emitida el 10 de enero de 2025, expusimos el tracto procesal apelativo y ante lo alegado por el apelado, pero teniendo de frente un escrito del apelante mediante el cual había acreditado haberle notificado el recurso apelativo, el cual debió haber incluido el apéndice, ordenamos al apelante a notificar **copia** del apéndice del recurso al apelado y acreditarlo al Tribunal,

---

[18] Específicamente nos referimos a los siguientes documentos:

    (a) Solicitud Escrita Calificada (Qualified Written Request) con fecha del 26 de febrero de 2020, enviada por correo certificado #7017 1450 0001 0633 8288, presentada al TPI en Moción Informativa, el 14 de septiembre de 2022 (Exibit B);

    (b) ACEPTACI[Ó]N CONDICIONAL DE DEUDA SOBRE LA PRUEBA DE RECLAMACI[Ó]N, enviada por correo certificado #7017 1450 0001 0634 1677, presentada al TPI en Moción Informativa, el 14 de septiembre de 2022 (Exibit C);

    (c) AVISO DE FALLA Y OPORTUNIDAD PARA RECTIFICAR, con fecha del 25 de agosto de 2020, enviada por correo certificado #7020 0640 0000 2472 1283, presentada al TPI en Moción Informativa, el 14 de septiembre de 2022 (Exibit D);

    (d) AVISO DE INCUMPLIMIENTO FINAL/INCUMPLIMIENTO/AVISO DEESTOPPEL/ESTOPPEL, con fecha del 24 de noviembre de 2020, enviada po rcorreo certificado #7020 0640 0000 2472 1306, presentada al TPI en Moción Informativa, el 14 de septiembre de 2022 (Exibit E);

    (e) CONTESTACI[Ó]N A PLIEGO DE INTERROGATORIO Y PRODUCCI[Ó]N DEDOCUMENTOS presentada al TPI en Moción Informativa, el 14 de septiembre de 2022 (Exibit G).

  Los anteriores documentos se encuentran en la Entrada 24 en el SUMAC, la cual contiene siete (7) anejos, identificados como Exhibit a al g.

[19] Puntualizamos que se trataba de documentos que no obraban en los autos ante el TPI.

so pena de desestimar el recurso. Por otro lado, y por economía procesal, mantuvimos nuestra *Resolución* del 17 de diciembre de 2024, para que el apelado presentara su alegato en oposición.

De ahí, el 13 de enero de 2025, el apelante presentó una *Moción Informativa* en la cual acreditó haber notificado el apéndice del recurso. Esbozó que notificó el apéndice del recurso el 13 de enero de 2025. Destacamos que, en el escrito presentado por el apelante, de ninguna forma negó que no hubiese cumplido con el Reglamento del Tribunal de Apelaciones en torno a la notificación del apéndice del recurso. En esa misma fecha, el apelado presentó su *Oposición a recurso de apelación*.

En atención a la *Moción Informativa* presentada por el apelante, mediante *Resolución*, emitida el 16 de enero de 2025, le concedimos un término para que mostrara causa por la cual el recurso no debía ser desestimado. Lo anterior, dado a que de su escrito y admisión pudimos constatar que, en efecto, no había cumplido con nuestro reglamento.

En cumplimiento, el 21 de enero de 2025, el apelante presentó una *Moción Informativa* mediante la cual admitió haber notificado el apéndice a la parte apelada **fuera del término** dispuesto por nuestro reglamento, y como justa causa, argumentó, en síntesis, que fue un error involuntario causado por su falta de conocimiento legal y su poca experiencia. En otras palabras, el apelante presentó el recurso el 12 de diciembre de 2024, y fue **un mes y un día más tarde**, o sea, el 13 de enero de 2025, y a raíz de la moción de desestimación y nuestra subsiguiente *Resolución* que este notificó el apéndice a la parte apelada.

Con el beneficio de la comparecencia de las partes, procederemos a exponer el derecho aplicable.

II

## A. Falta de Jurisdicción por Incumpliendo con el Reglamento del Tribunal de Apelaciones

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[20] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[21] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[22] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[23] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[24] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[25] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[26] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[27]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[28] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[20] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[21] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[22] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[23] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[24] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[25] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[26] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).
[27] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).
[28] 4 LPRA Ap. XXII-B, R. 83 (C).

Sabido es que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial.[29] Por consiguiente, "las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones".[30] En ese sentido, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente.[31] De lo contrario, el incumplimiento con la referidas normas, impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo.[32]

En lo pertinente al presente caso, la Regla 13 (B) (1) de nuestro Reglamento dispone que "[l]a parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento".[33] A su vez, la referida parte "deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación".[34] En cuanto a los términos de estricto cumplimiento, como es el caso del término para notificar los apéndices del recurso, es norma harta conocida que pueden ser prorrogados por los tribunales. Empero, el foro apelativo no tiene facultad para prorrogar el referido término automáticamente, será necesario que la parte que actúe tardíamente acredite la justa causa para la dilación. En ausencia de lo anterior, el tribunal no tendrá discreción para prorrogar el término de cumplimiento estricto.[35]

---

[29] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).
[30] *Morán v. Marti*, 165 DPR 356, 364 (2005). (Cita depurada).
[31] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).
[32] *Morán v. Marti,* supra, a la pág. 366.
[33] 4 LPRA Ap. XXII-B, R. 13 (B) (1).
[34] *Íd.*
[35] *Soto Pino v. Uno Radio Group*, supra, a las págs. 92-93.

Por otra parte, la Regla 16 (E) (1) de nuestro Reglamento dispone que el apéndice de un *Recurso de Apelación* debe contener una copia literal de lo siguiente:

> (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
>
> (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;
>
> (c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;
>
> (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;
>
> (e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.[36]

Precisa señalar que el subinciso (2) de la regla antes esgrimida dispone que la omisión de los referidos documentos podría dar lugar a la desestimación del recurso.[37] En consecuencia, el Tribunal Supremo, generalmente, se ha movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la jurisdicción.[38] Ahora bien, la desestimación como sanción debe utilizarse como último recurso. De modo que el foro revisor debe cerciorarse que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en sus méritos.[39]

III

De entrada, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones

---

[36] 4 LPRA Ap. XXII-B, R. 16 (E) (1).
[37] *Íd.*, R. 16 (E) (2).
[38] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).
[39] *Roman et als. v. Roman et als.*, 158 DPR 163, 168 (2002).

relacionadas a la jurisdicción deben ser resueltas con preferencia, ya que inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[40] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[41] En línea de lo anterior, luego de haber examinado los autos ante nuestra consideración, colegimos que en este caso no tenemos jurisdicción, dado al craso incumplimiento del apelante con el Reglamento del Tribunal de Apelaciones. Nos explicamos.

Durante los trámites procesales ante esta Curia el apelante incumplió con varias Reglas de nuestro Reglamento. Del primer incumplimiento nos percatamos tan pronto recibimos el recurso, al examinar el mismo, encontramos que, la copia del recurso que fue entregada a los jueces de este Panel carecía de un apéndice. De ahí, acudimos a la Secretaría de este tribunal, donde fuimos informados que en autos había una (1) copia del apéndice, la cual colocaron a nuestra disposición. A pesar de que la Secretaría de este foro apelativo nos facilitó el apéndice del recurso, no podemos ignorar que el apelante falló en presentar el original del apéndice y tres (3) copias, según dispone la Regla 14 (A) de nuestro reglamento.[42] Por otra parte, cuando inspeccionamos el apéndice facilitado por la Secretaría, nos topamos con que este carecía de los documentos necesarios para disponer del recurso ante nuestra consideración. Entre ellos, la solicitud de sentencia sumaria presentada por la parte apelada y sus anejos, la cual, en este tipo de recurso, estamos obligados a revisar *de novo*.

Según reseñamos en nuestra previa exposición doctrinal, la Regla 16 (E) (2) del Reglamento de este tribunal dispone que omitir

---

[40] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372.
[41] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[42] 4 LPRA Ap. XXII-B, R. 14 (A).

los documentos que debe contener el apéndice puede dar lugar a la desestimación del recurso.[43] Según el subinciso (E) (1) de la aludida regla, los documentos que debe contener el apéndice de un recurso son los siguiente:

> (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
>
> (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;
>
> (c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;
>
> (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;
>
> (e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.[44]

Sin embargo, el apéndice de este recurso solo contenía los documentos siguientes: (i) Emplazamiento por edicto;[45] (ii) *Demanda*;[46] (iii) *Alegación Responsiva*;[47] (iv) *Orden* del 2 de junio de 2023, notificada al día siguiente;[48] (v) *Moción para Solicitud de Autorización para Presentación de Reconvención y Demanda Contra Coparte*;[49] (vi) Orden del 17 de febrero de 2023, notificada el 21 del mismo mes y año;[50] (vii) *Moción Informativa* presentada por el apelante, con fecha del 29 de julio de 2023;[51] (viii) *Moción asumiendo la representación legal del apelante del 15 de agosto de 2023*;[52] (ix) *Contestación a Demanda y Reconvención* (alegación enmendada) del

---

[43] 4 LPRA Ap. XXII-B, R. 16 (E) (2).
[44] *Íd.*, R. 16 (E) (1).
[45] Apéndice I del recurso.
[46] Apéndice II del recurso.
[47] Apéndice III del recurso.
[48] Apéndice IV del recurso.
[49] Apéndice V del recurso.
[50] Apéndice VI del recurso.
[51] Apéndice VII del recurso.
[52] Apéndice VII del recurso.

6 de septiembre de 2023;[53] (x) *Sentencia* notificada el 15 de noviembre de 2024;[54] (xi) Solicitud de reconsideración del 21 de noviembre de 2024,[55] (xii) Anejos de la solicitud de reconsideración.[56] Lo anterior, pese a que en el expediente electrónico disponible en el SUMAC se publicaron ciento quince (115) entrada en el caso del título, antes de la presentación de este recurso.

Aunque es cierto que, en nuestra *Resolución* del 17 de diciembre de 2024, dispusimos que, por tratarse de un expediente judicial en el SUMAC, tomábamos conocimiento del mismo, esta determinación fue en atención a la *Moción de solicitud de elevación de autos originales* presentada por el apelante, el 12 de diciembre de 2024, mediante la cual solicitó la elevación de autos de todo y cualquier evidencia relevante que pueda serle útil al Tribunal de Apelaciones para resolver la controversia. Por consiguiente, lo dispuesto por esta Curia, en cuanto que tomaríamos conocimiento del expediente electrónico en SUMAC, no excusa al apelante de habernos presentado un apéndice incompleto en inobservancia con el Reglamento de este tribunal. Puntualizamos, además, que tampoco se proveyó un índice que nos moviera a concluir cuáles eran aquellos documentos adicionales, si alguno, que debíamos examinar. Abona a lo anterior que, independientemente, de que el apelante no cumplió con nuestro Reglamento y que este Panel tomó conocimiento de ciertos documentos expresados por el apelante en el SUMAC, tuvimos que con detenimiento examinar el expediente judicial, ante la invitación de este para que consideráramos documentos que no obraban en los autos ante el TPI, solicitud que rotundamente fue denegada.

---

[53] Apéndice IX del recurso.
[54] Apéndice X del recurso.
[55] *Íd.*
[56] Apéndice XI al XXIX del recurso.

Por otra parte, precisa señalar, que, a pesar de que, mediante dos (2) mociones informativas, presentadas el 16 y 17 de diciembre de 2024, respectivamente, el **apelante expresó haber notificado el recurso a la parte apelada** por correo electrónico y por correo certificado, para nuestra sorpresa, pasado un tiempo de presentado el recurso, es decir, el 8 de enero de 2025, la parte apelante instó una *Moción de desestimación de apelación por incumplimiento con el Reglamento del Tribunal.* Mediante la referida moción, adujo que el apelante **nunca le notificó el apéndice**. A esos efectos, y ante lo que nos indicó previamente el apelante, mediante *Resolución*, emitida el 10 de enero de 2025, ordenamos al apelante a notificar copia del apéndice del recurso a la parte apelada y acreditarlo al Tribunal, so pena de desestimar el recurso. En virtud de nuestra orden, el 13 de enero de 2025, el apelante instó una *Moción Informativa* en la cual **acreditó haber notificado el apéndice del recurso el 13 de enero de 2025,** empero, no expresó justa causa para la dilación, mucho menos haberlo notificado tal y cual le había indicado a este Tribunal. Lo anterior, en clara contravención al Reglamento de este Tribunal, el cual, conforme acentuamos anteriormente, dispone que "[l]a parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento".[57]

En nuestra exposición de derecho previa enfatizamos en que los términos de estricto cumplimiento, como es el caso del término para notificar los apéndices del recurso, únicamente pueden ser prorrogados por el tribunal cuando se acredita la justa causa.[58] En este caso, el apelante no expresó justificación para su incumplimiento, hasta que esta Curia le ordenó que mostrara causa

---

[57] 4 LPRA Ap. XXII-B, R. 13 (B) (1).
[58] *Soto Pino v. Uno Radio Group*, supra, a las págs. 92-93.

por la cual su recurso no debía ser desestimado, en vista de su incumplimiento. Así, pues, el apelante se movió a excusar su violación al Reglamento de este tribunal, expresando, mediante *Moción Informativa,* que el incumplimiento se debió a que tiene poco conocimiento legal y falta de experiencia, puesto a que no es abogado. Precisa señalar que nuestro Alto foro ha razonado que "la justa causa necesaria para incumplir con un término de cumplimiento estricto no se sostiene con meras alegaciones generales o excusas superfluas".[59] Por otra parte, en nuestro ordenamiento jurídico la persona que acude por derecho propio está sujeta a que se le impongan las mismas sanciones y consecuencias procesales que a los abogados. Además, los tribunales no estamos obligados a ilustrar de las leyes y reglas a las personas que acuden sin representación legal. Por todo lo expuesto, nos vemos forzados a declarar *Ha Lugar* la *Moción de desestimación de apelación por incumplimiento con el Reglamento del Tribunal* presentada por la parte apelada, y, en consecuencia, desestimar este recurso.

IV

Por los fundamentos que anteceden, se *desestima* el recurso presentado por incumplimiento con el Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[59] *Soto Pino v. Uno Radio Group,* supra, a la pág. 87.